IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                          NO. 4:13-CR-2

SHONDELL WILLIAMS

**ORDER**

On January 23, 2024, while serving the imprisonment term of his second revocation sentence,[1] Shondell Williams filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2) asking the Court (1) "to immediately apply any/all reductions that [he is] due to recieve [sic]" "based on the new sentencing guidelines and the 821 amendment to the guidelines," and (2) to the extent "the reduction applied will excede [sic] [his] remaining time due to serve, … that the excess be applied to the one year post release supervision that [he] ha[s] left to serve after [his] release." Doc. #76 at PageID 206. The government responded[2] that Williams' motion should be denied because "retroactive amendments reducing sentences are not retroactively applicable to revocation sentences," quoting "Application note 8(A), commentary to § 1B1.10":

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release. USSG § 1B1.10, Application note 8(A) (Aug. 1, 2023).

---

[1] After pleading guilty to possessing a firearm as a felon, Williams was sentenced to 120 months of imprisonment followed by three years of supervised release on August 29, 2013. Doc. #19 at 1–3. His supervised release period commenced July 21, 2021. Doc. #40 at 1. On August 2, 2022, his supervised release term was revoked due to his violation of the conditions prohibiting him from using controlled substances and requiring him to report all contact with law enforcement, for which he received a revocation sentence of twelve months of imprisonment followed by twenty-four months of supervised release. *Id.* at 1–5; Doc. #50 at 1–3; Doc. #51 at 1–3. Williams' second supervised release period commenced June 6, 2023. Doc. #52 at 1. Approximately five months later, on November 1, 2023, that supervised release term was revoked based on Williams' violation of the conditions prohibiting him from using controlled substances and from committing another crime, for which he received a second revocation sentence of twelve months and a day of imprisonment followed by one year of supervised release. Doc. #75 at 1–3.

[2] The government's May 22, 2024, response is untimely. *See* U.L. Crim. R. 47(C)(1) (setting response deadline as "eleven calendar days after a motion is filed").

Doc. #78 at 5–6.

Because the government is correct that the retroactive provision of Part A to Amendment 821 may not be applied to a revocation sentence of imprisonment[3] as specified in Application Note 8(A) in the commentary to § 1B1.10,[4] and because regardless, Williams completed the imprisonment term of his second revocation sentence on July 22, 2024,[5] such that his request for a reduction of his revocation imprisonment term is now moot,[6] Williams' pro se motion [76] is **DENIED**.

**SO ORDERED**, this 15th day of October, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Consequently, the Court need not consider Williams' request to apply the "excess" to his revocation supervised release term.

[4] As the government also correctly states, commentary in the United States Sentencing Commission's Guidelines Manual "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Doc. #78 at 6 (quoting *Stinson v. U.S.*, 508 U.S. 36, 38 (1993)).

[5] Doc. #82 at 1. Williams now is serving his third term of supervised release.

[6] *See U.S. v. Cawthorne*, Nos. 24-30090, 24-30129, 2024 WL 3861370, at *1 (5th Cir. Aug. 19, 2024) (consolidated appeals of denial of § 3582(c)(2) sentence reduction dismissed as moot since defendant was released from federal custody).